JUSTICE NELSON
specially concurs.
¶24 I concur in the Court’s opinion, with the following caveats.
¶25 First, the Court correctly articulates our function as a reviewing court: “to ensure ultimately that the issuing judicial officer had a ‘substantial basis’ to determine probable cause existed before issuing the search warrant.” ¶ 8; see also Illinois v. Gates (1983), 462 U.S. 213, 238-39, 103 S.Ct. 2317, 2332 (“[T]he duty of a reviewing court is simply to ensure that the magistrate had a ‘substantial basis for ... concluding]’ that probable cause existed.” (ellipsis and second alteration in original)). However, the Court goes on to state, without qualification, that “it is critical in our review that a judicial officer’s determination that probable cause exists be paid great deference and every reasonable inference possible be drawn to support that determination.” ¶ 8 (citing State v. Reesman, 2000 MT 243, ¶ 19, 301 Mont. 408, ¶ 19, 10 P.3d 83, ¶ 19, and Gates, 462 U.S. at 236, 103 S.Ct. at 2331). While I do not dispute this statement as a general standard guiding our review, it is essential to clarify that such deference is not *321 boundless:
It is clear, first, that the deference accorded to a magistrate’s finding of probable cause does not preclude inquiry into the knowing or reckless falsity of the affidavit on which that determination was based. Second, the courts must also insist that the magistrate purport to “perform his ‘neutral and detached’ function and not serve merely as a rubber stamp for the police.” A magistrate failing to “manifest that neutrality and detachment demanded of a judicial officer when presented with a warrant application” and who acts instead as “an adjunct law enforcement officer” cannot provide valid authorization for an otherwise unconstitutional search.
Third, reviewing courts will not defer to a warrant based on an affidavit that does not “provide the magistrate with a substantial basis for determining the existence of probable cause.” “Sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others.” Even if the warrant application was supported by more than a “bare bones” affidavit, a reviewing court may properly conclude that, notwithstanding the deference that magistrates deserve, the warrant was invalid because the magistrate’s probable-cause determination reflected an improper analysis of the totality of the circumstances, or because the form of the warrant was improper in some respect.
United States v. Leon (1984), 468 U.S. 897, 914-15, 104 S.Ct. 3405, 3416-17 (citations and footnotes omitted).
¶26 Thus, we must review — and not simply defer to-the judicial officer’s determination of probable cause. In the case at hand, we must determine whether Detective Basnaw provided the Ravalli County Justice Court with sufficient information to allow the reviewing judicial officer to determine probable cause and whether the judicial officer’s probable-cause determination reflected a proper analysis of the totality of the circumstances.
¶27 With these principles in mind, the application for search warrant at issue here is not a model of clarity. As demonstrated by the District Court’s distillation of the numerous statements in Detective Basnaw’s application to a few salient probable cause facts, the application contains entirely too much irrelevant “filler,” not to mention the copious conclusory, speculative, and unsupported assertions.
¶28 Nevertheless, the application involves a much closer call than did the search warrant application that this Court recently approved in *322 State v. Barnaby, 2006 MT 203, 333 Mont. 220, 142 P.3d 809, see Barnaby, ¶¶ 72-191 (Nelson, J., dissenting); and at least here-unlike in Barnaby-there was a reasonable attempt to apply the framework set forth in Reesman. Viewing Detective Basnaw’s application under the totality-of-the-circumstances approach, I agree with the Court that the District Court properly interpreted and applied the law in concluding that the reviewing judicial officer had a substantial basis for determining that probable cause existed. See Reesman, ¶ 18 (“[T]he standard of review of a district court’s denial of a motion to suppress is whether the court’s interpretation and application of the law is correct.” (citing State v. Hubbel (1997), 286 Mont. 200, 207, 951 P.2d 971, 975)). Accordingly, the District Court did not err in denying Zito’s motion to suppress.
¶29 That said, Zito’s having “a prior drug-related criminal conviction” five years earlier[1] is, in my view, of negligible value in assessing probable cause to issue a warrant to search his property. See State v. Tackitt, 2003 MT 81, ¶ 41, 315 Mont. 59, ¶ 41, 67 P.3d 295, ¶ 41. I therefore do not agree with the Court’s reliance on this information in ¶ 16.1 also do not agree with the Court’s suggestion in ¶ 11 that an applicant’s bare assertion that he “kn[ows] from experience that [an] informant would recognize marijuana” (by sight? by smell?) is a sufficient basis on which to credit that informant’s identification of something observed or smelled as marijuana. Some background information substantiating the applicant’s knowledge of the informant’s ability should be included. As it turns out, Detective Basnaw did include such background information, which the Court oddly has omitted from its Opinion: “Cl . . . admits to having used marijuana in the past.”
¶30 Lastly, for the reasons set forth at length in my dissent in Barnaby, see Barnaby, ¶¶ 72-191 (Nelson, J., dissenting), I cannot join any part of today’s Opinion that relies on that case. I am satisfied that the Reesman standards-or whatever is left of them-were met here. F or this reason only, and with the foregoing caveats, I concur.

 Detective Basnaw discloses in the application, dated October 22, 2003, that “Zito’s criminal history shows that he was arrested in September of1997 and eventually convicted for criminal possession of dangerous drug paraphernalia.